UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

J S - 6

CIVIL MINUTES – GENERAL

Case No. SACV 08-00487-CJC(RNBx)                                    Date: September 12, 2008

Title: ARNOLD A. MCMAHON  v. WILLIAM M. MONROE et al.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT MONROE'S MOTION TO DISMISS AND GRANTING DEFENDANT VITHLANI'S SPECIAL MOTION TO STRIKE.**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for September 15, 2008 at 1:30 p.m. is hereby vacated and off calendar.

Before the Court are two motions: a motion to dismiss filed by Defendant Judge William M. Monroe and a motion to strike filed by Defendant Dilip Vithlani.  Judge Monroe urges the Court to dismiss the complaint of Plaintiff Arnold A. McMahon because: 1) Judge Monroe is immune from suit; 2) the Court lacks jurisdiction; and 3) the Plaintiff's complaint fails to state a claim upon which relief can be granted.  Defendant Vithlani moves to strike Plaintiff McMahon's complaint pursuant to the California Anti-SLAPP statute.  Plaintiff McMahon, proceeding pro se, argues that the Court has jurisdiction to hear his claims and that the case should not be dismissed.  For the following reasons, Judge Monroe's motion to dismiss is GRANTED, and Mr. Vithlani's special motion to strike is GRANTED.

**BACKGROUND**

Plaintiff McMahon's claim arises out of a case that was litigated in California state court.  *Vithalani v. McMahon*, No. G038909, 2008 WL 2843524, at *10 (Cal. Ct. App. July 24, 2008).  In that case, Mr. Vithlani sued Mr. McMahon to recover past due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00487-CJC(RNBx)                              Date: September 12, 2008
                                                                                            Page 2

attorneys' fees and costs, and Mr. McMahon cross-claimed for breach of their retainer agreement. (Compl. ¶¶ 6, 3.) Mr. Vithlani moved for summary judgment on the fee claim, and Judge Monroe granted Mr. Vithlani's motion on March 27, 2007. (Compl. ¶ 7.) On May 7, 2007, Mr. McMahon filed a motion to transfer. (Compl. ¶ 8.) On June 12, 2007, Judge Monroe granted summary judgment on in favor of Mr. Vithlani's on Mr. McMahon's cross-complaint and dismissed Mr. McMahon's motion to transfer as moot. (Compl. ¶ 9.) And on June 27, 2007, final judgment was entered. (Compl. ¶ 10.) Thereafter, Mr. Vithlani sought a writ of execution, and the writ was issued to Mr. Vithlani. (Compl. ¶ 11.)

After the issuance of the writ, Mr. McMahon requested a stay of execution by filing a petition for a writ of supersedeas, which was denied. (Compl. ¶ 13.) The Los Angeles Sheriff's Department then began garnishing Mr. McMahon's wages and disbursing levied funds to Mr. Vithlani. (Compl. ¶ 16.) In July 2007, Mr. McMahon filed a writ to stay enforcement of the judgment with the California Court of Appeal and the California Supreme Court on the grounds that the judgment violated his fifth and fourteenth amendment rights, both of which were denied. (Compl. ¶ 12, 15.) In March 2008, Mr. McMahon again filed petitions seeking to stay enforcement of the judgment with the California Court of Appeal and the Supreme Court of California, both of which were also denied. (Compl. ¶¶ 19-20.)

In this action, Mr. McMahon alleges in his complaint that the garnishment of his wages violates his rights under the Fifth and Fourteenth Amendments of the United States Constitutions and Article I, Section 7 of the California Constitution, and the California Penal Code. (Compl. 5-11.) Mr. McMahon claims that because Judge Monroe granted summary judgment while a motion to transfer was pending, he acted in the absence of jurisdiction. According to Mr. McMahon, the subsequent writ of execution by which his wages have been and continue to be garnished is void, and therefore he claims that he has been deprived of property without due process of law. (Compl. 5-7.) Mr. McMahon seeks $5 million in damages against Judge Monroe and Mr. Vithlani. (Compl. 12.) Additionally, he seeks $5 million in punitive damages from each defendant, an injunction to stop the garnishment, and costs. (Compl. 12.)

Judge Monroe moves the Court to dismiss the action because: 1) he is immune from suit; 2) the Court lacks jurisdiction; and 3) the Plaintiff's complaint fails to state a claim upon which relief can be granted. (Def. Monroe Br.. 2.) Mr. Vithlani moves the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00487-CJC(RNBx)                              Date: September 12, 2008
                                                                              Page 3

Court to strike Plaintiff McMahon's complaint pursuant to California's anti-SLAPP statute.  (Def. Vithlani Br. 4.)

ANALYSIS

A. Motion to Dismiss

Judge Monroe is entitled to judicial immunity in this case, and accordingly Mr. McMahon's claims against Judge Monroe must be dismissed.[1]  Under the principle of judicial immunity, judges are absolutely immune from civil suits arising out of the exercise of their judicial functions.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  As the party seeking immunity, Judge Monroe bears the burden of proving that absolute judicial immunity is justified.  *Burns v. Reed*, 500 U.S. 478, 486-87 (1991).  "The 'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'"  *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993) (*quoting Burns*, 500 U.S. at 500).  Absolute immunity "flows not from rank or title . . . but from the nature of the responsibilities of the individual official."  *Cleavinger v. Saxner*, 474 U.S. 193, 201 (1976).

The Supreme Court has established a two-part test for determining whether a judicial officer is entitled to absolute immunity: 1) the judicial officer must be performing a "judicial act;" and 2) the judicial officer must not be acting "in the clear absence of jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see Francheschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1994) (per curiam) (applying the two-part test to hold that an Orange County, California municipal court Judge was entitled to absolute judicial immunity).  With respect to the first prong, whether a particular act constitutes a judicial act depends on "the nature of the act itself, i.e., whether it is a function normally performed by a judge;" and "the expectations of the parties, i.e. whether they dealt with the judge in his judicial capacity."  *Stump*, 435 U.S. at 362.  Mr. McMahon does not dispute that Judge Monroe was acting in a judicial capacity in this case.  (Pl's. Br.)

---

[1] Judge Monroe also argues that this Court does not have subject matter jurisdiction to hear this case and that Plaintiff McMahon fails to state a claim upon which relief can be granted.  However, given the Court's ruling regarding judicial immunity, the Court need not reach these issues.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-00487-CJC(RNBx)  Date: September 12, 2008
Page 4

---

Mr. McMahon contends that Judge Monroe's request for judicial immunity fails on the basis of the second prong. (Pl's. Br. 5.) Specifically, Mr. McMahon argues that because a motion to transfer suspends a court's jurisdiction, Judge Monroe acted without jurisdiction when he granted Mr. Vithlani's motion for summary judgment and the subsequent final judgment and writ of execution are void. Thus, he argues, garnishment of his wages constitutes a taking of property without due process of law.

Mr. McMahon's argument fails for two reasons. First, Judge Monroe had jurisdiction to grant Mr. Vithlani's motion summary judgment notwithstanding Mr. McMahon's motion to transfer. Mr. McMahon cites *Pickwick Stages Sys. v. Superior Court*, 138 Cal. App. 448 (1934), for the proposition that a motion to transfer suspends the court's jurisdiction until the motion is decided. (Pl's. Br. 2.) However, as the California Court of Appeal noted in its ruling, this rule only applies in instances in which the party is entitled to have "his motion for a change of venue granted." *Vithalani v. McMahon*, No. G038909, 2008 WL 2843524, at *10 (Cal. Ct. App. July 24, 2008) (citing *City of Oakland v. Darbee*, 102 Cal. App. 2d 493, 503 (Cal. Ct. App. 1951)).

Mr. McMahon did not dispute that Orange County Superior Court was a proper venue for the action. Rather, Mr. McMahon moved to transfer the case pursuant to California Code of Civil Procedure Section 397(b), which allows transfer "when there is reason to believe that an impartial trial cannot be had therein." CAL. CIV. PROC. CODE § 397(b). Mr. McMahon argues that because Judge Monroe "not only made snide remarks about Plaintiff in open court, but also exhibited visible anger in open court as well, Monroe must be further held to have a deep-seated bias against Plaintiff." (Compl. 6.) As the California Court of Appeal noted, Section 397(b) deals not with allegations of judicial bias, but potential bias of jurors. *Vithalani v. McMahon*, No. G038909, 2008 WL 2843524, at *10 (Cal. Ct. App. July 24, 2008) (citing *Nguyen v. Superior Court*, 49 Cal. App. 4th 1781, 1791 (Cal. Ct. App. 1996)). Given that Mr. McMahon's position was that the alleged bias of Judge McMahon warranted transfer under Section 397(b), his motion was, as the Court of Appeal noted, meritless. *Id.* Thus, Mr. McMahon's motion to transfer did not suspend Judge Monroe's jurisdiction to rule in favor of Mr. Vithlani's motion for summary judgment and to enter final judgment in the case. And because Judge Monroe acted within the scope of his jurisdiction, he is entitled to absolute judicial immunity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00487-CJC(RNBx)                                   Date: September 12, 2008
                                                                                           Page 5

Second, even if the motion to transfer had stayed the court's jurisdiction to enter judgment, as he claims, Mr. McMahon overlooks the distinction between actions taken in "excess" of jurisdiction and those taken "in the clear absence of jurisdiction." *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). The United States Supreme Court offered an oft-cited explanation of the distinction between an act "in the clear absence of jurisdiction" and an act in "excess" of jurisdiction in *Bradley v. Fisher*, 13 Wall. 335 (1872):

> If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Id*. at 352. In essence, a judicial officer who presides over an action without any "colorable authority" to hear the claim acts in the clear absence of jurisdiction and is not entitled to absolute immunity. *Crooks v. Maynard*, 913 F.2d 699, 701 (9th Cir. 1990). However, if a judicial officer mistakenly interprets whether jurisdiction attaches, or the extent of that jurisdiction, the judicial officer is acting in "excess" of jurisdiction and is nonetheless entitled to immunity. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Cooper v. Ashland*, 187 F.3d 646, 648 (9th Cir. 1999) (table decision). Moreover, "[j]urisdiction is construed broadly where the issue is the immunity of judges." *Crooks*, 913 F.2d at 701.

By contrast, those cases where a judicial officer has acted in clear absence of jurisdiction present unmistakable usurpations of judicial authority. *See Spires v. Bottorff*, 317 F.2d 273 (7th Cir. 1963) (judge interferes with judicial proceedings after he had disqualified himself from participating in them); *Wade v. Bethesda Hosp.*, 337 F. Supp. 671 (S.D. Oh. 1971) (judge orders sterilization without any statutory authority). In those cases, the actions of the judicial officer were so far beyond the acceptable norms of judicial conduct and jurisdiction that the judge lost his or her entitlement to absolute immunity from private suits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00487-CJC(RNBx)  Date: September 12, 2008
Page 6

Here, even if Mr. McMahon were correct that his motion to transfer effectively suspended Judge Monroe's jurisdiction, Judge Monroe would nonetheless be entitled to judicial immunity because entering final judgment would not qualify as an action taken in the clear absence of jurisdiction.

**B. Special Motion to Strike**

Defendant Vithlani's special motion to strike pursuant to the California anti-SLAPP statute must also be granted because Mr. Vithlani has made a prima facie showing that 1) Mr. McMahon's claims arise from conduct that falls within the ambit of the statute; and 2) Mr. McMahon cannot demonstrate probability of success on the merits. The California Legislature enacted the anti-SLAPP statute, California Code of Civil Procedure Section 425.16, in 1992 to curtail the "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." CAL. CIV. PROC. CODE § 425.16(a). Section 425.16 provides a procedural remedy to any person, including a corporation, sued in a strategic lawsuit against public participation ("SLAPP"). *See Mattel, Inc. v. Luce, Forward, Hamilton & Scripps*, 99 Cal. App. 4th 1179, 1188 (2002) (*citing Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 37 Cal. App. 4th 855, 862-63 (1995)) ("The term 'person' [as used in Section 425.16] includes a corporation."). Under Section 425.16, the sued person may bring a special motion to strike a claim "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." CAL. CIV. PROC. CODE § 425.16. A challenged "act" qualifies for protection under the statute if it falls into one of four categories:

> 1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;
> 2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;
> 3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00487-CJC(RNBx)　　　　　　　　　　　　　Date: September 12, 2008
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7

>　　　4) or any other conduct in furtherance of the exercise of the
>　　　constitutional right of petition, or the constitutional right of
>　　　free speech in connection with a public issue or an issue of
>　　　public interest.

CAL. CIV. PROC. CODE § 425.16(e).

　　　In considering an anti-SLAPP motion, the court must engage in a two-step process. First, it must determine whether the moving party has made an initial prima facie showing that the plaintiff's claims "arise from" acts of the defendant taken to further the defendant's right of free speech or petition. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1061 (2005). An act that arises from the moving party's right to petition is one in which the "conduct on which the suit [is] based occur[s] in connection with an official proceeding." *ComputerExpress v. Jackson*, 93 Cal. App. 4th 993, 1003 (Cal. Ct. App. 2001). For example, a claim that the defendant wrongfully levied on the plaintiff's property is subject to an anti-SLAPP motion. *Rusheen v. Cohen*, 37 Cal. App. 4th 1048 (Cal. Ct. App. 2006). Likewise, in *Church of Scientotlogy v. Wollersheim*, 42 Cal. App. 4th 628 (Cal. Ct. App. 1996), *disapproved of on other grounds in Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. App. 4th 53 (Cal. Ct. App. 2002), the California Court of Appeal held that an action in which the plaintiff sought to set aside an earlier tort judgment was one "arising from" an act in furtherance of the defendant's right to petition. The Court noted that because the suit was part of a pattern of oppressive litigation conduct, the action interfered with the defendant's right to petition. *Id.* at 648-49.

　　　If the moving party fails to carry its initial burden, the anti-SLAPP motion must be denied. *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 186 (Cal. Ct. App. 2003). If the defendant makes the prima facie showing, however, the burden shifts to the plaintiff to demonstrate a "probability that the plaintiff will prevail on the claim." CAL. CIV. PROC. CODE § 425.16(b)(1). *See also Ingels*, 129 Cal. App. 4th at 1061. To satisfy this burden, the plaintiff must show that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Metabolife, International, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001) (citing *Wilcox v. Superior Court*, 27 Cal. App. 4th 809 (1994)). In other words, the burden is "much like that used in determining a motion for nonsuit or directed verdict, which mandates that 'no reasonable jury' could find for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00487-CJC(RNBx)                              Date: September 12, 2008
                                                                                      Page 8

plaintiff." *Id.* If the plaintiff fails to make the requisite showing, the motion to strike must be granted. *Ingels*, 129 Cal. App. 4th at 1061-62.

With respect to the first prong of the test, Defendant Vithlani has made a prima facie showing that Mr. McMahon's claim arises from an act in furtherance of Mr. Vithlani's right to petition. Mr. McMahon's complaint asserts that because the state court lacked jurisdiction to enter judgment, the writ of execution by which his wages have been garnished is void. And thus, Mr. McMahon alleges, the garnishment of his wages pursuant to the writ of execution violates the United States Constitution, California Constitution, and various sections of the California Penal Code. The conduct—garnishment pursuant to the writ of execution—that forms the basis of Mr. McMahon's claims is an act taken in furtherance of Mr. Vithlani's right to petition. *See Rusheen*, 37 Cal. App. 4th at 1048. These causes of action fall squarely within the ambit of Section 425.16. Furthermore, Mr. McMahon has unsuccessfully appealed the judgment in the state system. (Def. Vithlani Rep. 3.) The present action appears to be nothing more than an attempt to frustrate a perfectly valid judgment. While an action is not subject to a motion to strike solely because it is an oppressive litigation tactic, the fact that an action is meritless and aims to interfere with the defendant's right to petition is relevant to determining whether the action is subject to the anti-SLAPP statute. *See Wollersheim*, 42 Cal. App. 4th at 628.

Given that Defendant Vithlani has satisfied his burden of demonstrating that Mr. McMahon's claim is subject to the anti-SLAPP statute, Mr. McMahon must show probability of success on the merits of his claim. However, Mr. McMahon's complaint is legally insufficient, and he cannot satisfy this burden. This Court does not have subject-matter jurisdiction, and therefore, as a matter of law, Mr. McMahon cannot demonstrate a probability of success.

Under the *Rooker-Feldman* doctrine, a federal court is prohibited from exercising jurisdiction over a suit that is a de facto appeal of a state court judgment. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This prohibition is based on 28 U.S.C. § 1257, which grants jurisdiction to hear appeals from state court judgments only to the United States Supreme Court and thus impliedly forbids a district court from doing so. *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc). "[L]ower federal courts possess no power whatever to sit in direct

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-00487-CJC(RNBx)                                      Date: September 12, 2008
                                                                                                            Page 9

review of state court decisions." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1983).

"Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *accord Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court."); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005) (explaining that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments). The *Rooker-Feldman* doctrine bars district court jurisdiction where the federal plaintiff: 1) "asserts as her injury legal error or errors by the state court;" and 2) "seeks as her remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

Mr. McMahon's complaint is a de facto appeal of a state court judgment.[2] He both asserts injury stemming from a state court judgment and seeks relief on that basis. First, he alleges that he has suffered and continues to suffer legal injury as a result of garnishment of his wages pursuant to a judgment of the state court entered in the absence of jurisdiction. (Compl. ¶¶ 16, 21.) Second, Mr. McMahon seeks relief from the state court judgment as his relief. In addition to damages, Mr. McMahon seeks an injunction to stop the garnishment and costs. (Compl. 12.) Thus, Mr. McMahon is essentially appealing to the federal court to review the judgment of the state court, which he contends violates his rights under the Fifth and Fourteenth Amendments, the California Constitution, and the California Penal Code. The *Rooker-Feldman* doctrine forbids this Court from exercising jurisdiction over these causes of action. *See Mann*, 415 F.3d at 1041-42; *Noel*, 341 F.3d at 1164; *Kougasian*, 359 F.3d at 1140.

---

[2] In fact, Mr. McMahon has already unsuccessfully appealed the decision of Judge Monroe on the same ground in the state courts. The California Court of Appeal emphatically rejected Mr. McMahon's claim that the trial court lacked jurisdiction because of the pending motion to transfer. *Vithalani v. McMahon*, No. G038909, 2008 WL 2843524, at *10 (Cal. Ct. App. July 24, 2008).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-00487-CJC(RNBx)  Date: September 12, 2008
  Page 10

## CONCLUSION

For the foregoing reasons, Defendant Judge Monroe's motion to dismiss is GRANTED, and Defendant Vithlani's special motion to strike is GRANTED.

law

MINUTES FORM 11
CIVIL-GEN  Initials of Deputy Clerk MU